KLEES, Judge.
Plaintiff, Cheryl King, appeals the Administrative Law Judge’s finding in favor of defendant, Wal-Mart Stores, Inc., denying plaintiffs claim for worker’s compensation benefits, medical expenses and attorney fees. After reviewing the record and applicable law, we affirm.
Plaintiff was employed by defendant Wal-Mart as a part-time cashier and sales clerk. On September 15, 1989, plaintiff hit her head on a shelf while,retrieving a box of diapers for a customer. Plaintiff was initially diagnosed as having a cervical strain with no disability. She continued to complain of headaches and eventually complained of vision problems and pain in her arm. Approximately a year after the accident, plaintiff was diagnosed with sarcoido-sis of the central nervous system.
Plaintiff filed suit for worker’s compensation benefits, medical expenses, and attorney fees alleging that she was totally disabled as a result of the work-related injury due to constant headaches, vision problems and numbness in her right arm. At trial, defendant argued that there was no causal connection between the September 15, 1989 injury and the sarcoidosis. The trial judge ruled in favor of defendant, dismissing plaintiff’s claim with prejudice.
The central issue on appeal is whether there is any causal connection between plaintiff’s present medical condition and the work-related accident thereby entitling plaintiff to worker’s compensation benefits.
To recover worker’s compensation benefits, an employee must sustain an injury by accident arising out of and in the course of her employment. LSA-R.S. 23:1031. The plaintiff in such a case has the initial burden of establishing by a preponderance of the evidence that her disability is causally related to the work-related accident. Walton v. Normandy Village Homes Ass’n, Inc. 475 So.2d 320 (La.1985). The burden then shifts to defendant to prove that it is more probable than not that the work-related injury did not accelerate, aggravate, or combine with a preexisting disease or infirmity to prove her disability. Id. These questions of whether employee *858 established her burden of proof and whether the testimony is credible are questions of fact to be determined by the trier of fact. The trial court’s factual finding are entitled to great weight. When the evidence presented furnishes a reasonable factual basis for the trial court’s finding, it should not be disturbed. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Based on the evidence in the record before us, we find that the lower court judge did not commit manifest error in finding no causal connection existed between plaintiff’s work accident and her subsequent problems.
Plaintiff first received medical treatment for the work-related injury from Dr. Segu-ra on September 18, 1989, who diagnosed a cervical strain. On November 27, 1989, Dr. Nicari, Dr. Segura’s partner, also diagnosed plaintiff as having cervical strain, but no disability. At this point, plaintiff had no complaints of vision problems or numbness in her arm.
Plaintiff then sought treatment from Dr. Charles Simmons on February 8, 1990, five months after the September 15, 1989 injury, complaining of headaches and neck pain. Dr. William Woessner treated plaintiff on July 10, 1990, ten months after her injury when she was complaining of headaches and seeing “specs of light.” This is the first time plaintiff gave a history of suffering from vision problems. Dr. Woessner performed an MRI which revealed two small lesions in the brain. Plaintiff was then referred to Dr. Gorbitz, a neurosurgeon, who examined her on August 23,1990 when she complained of headaches, seeing flashes of light. She also complained for the first time of blurred vision and stiffness in her right arm.
On September 5, 1990, plaintiff underwent surgery by Doctor Charles Brent to remove the two lesions. A biopsy of the lesions revealed a diagnosis of sarcoidosis of the central nervous system.
At trial, Dr. Charles Brent and Dr. Carlo Gorbitz, both experts in neurosurgery, testified that the head injury and sarcoidosis are not related, even though her headaches began after the work-related injury. These doctors further testified that the injury did not cause or accelerate this condition.
Plaintiff presented three fact witnesses her two sisters and her brother in law, who all testified that plaintiff was in good physical condition prior to the accident. However, defendants challenged the credibility of these witnesses. Defendant revealed that plaintiff’s sister helped plaintiff falsify information on medical records and insurance coverage forms. Defendant further pointed out that plaintiff’s sister was fired from her job at Tulane Medical Center for falsifying this information.
Accordingly, for the aforementioned reasons, the judgment of the lower court denying benefits to plaintiff is affirmed.
AFFIRMED.