623 So.2d 174 (1993)
Kathryn KENNEDY
v.
SECURITY INDUSTRIAL INSURANCE COMPANY.
No. 92 CA 1467.
Court of Appeal of Louisiana, First Circuit.
July 2, 1993.
*175 Pete Lewis, Lewis & Caplan, New Orleans, for Kathryn Kennedy.
Kristi Stroebel, Joseph B. Guilbeau, New Orleans, for Sec. Indus. Ins. Co., et al.
Before WATKINS, CRAIN and GONZALES, JJ.
CRAIN, Judge.
This appeal is from a judgment of the Hearing Officer finding that Kathryn Kennedy was injured in the course and scope of her employment; she was not entitled to any worker's compensation benefits; she was entitled to further medical treatment; she was not entitled to penalties or attorneys' fees; and she worked a minimum of 100 days during her last twenty-six weeks, grossing $10,807.57 during that time. The Hearing Officer further held that "payments made by the defendants through signing of this judgment will not be credited to the defendant in the event that future weekly indemnity benefits come due at a later time;" and that plaintiff was not entitled to any underpayment defendant may have made in weekly benefits. A supplemental judgment clarified that in the future should plaintiff be entitled to worker's compensation benefits, the original judgment does not affect the right of defendants to a credit for the benefits paid against an award pursuant to La.R.S. 23:1221(3) or (4).
Plaintiff appealed alleging as error the finding of the Hearing Officer that: (1) plaintiff is no longer disabled; (2) plaintiff's compensation benefits were not underpaid and (3) defendant's actions in terminating benefits and failing to timely provide medical records or reports were not arbitrary, capricious and without probable cause.
Defendants answered the appeal and allege as error the finding that plaintiff worked 100 days in the 26 week period preceding the injury, and that defendants were not entitled to reimbursement for overpayment of benefits.
The manifest error standard of review is applicable to the factual determinations of an Administrative Hearing Officer in worker's compensation proceedings. King v. Wal-Mart Stores, Inc., 599 So.2d 856 (La. App. 4th Cir.), writ denied, 604 So.2d 966 (La.1992). We note in the written Reasons for Judgment, the Hearing Officer stated that plaintiff failed to prove by clear and convincing evidence, her disability and consequent inability to return to work at her original job. The applicable law is that which is in effect at the time of the injury. Villagomez v. Howard Trucking Co., 569 So.2d 1006 (La.App. 3d Cir.1990). The injury occurred in April, 1989. Pursuant to La.R.S. 23:1221(1), prior to its amendment by La. Acts 1989, No. 454, Sec. 6, effective January 1, 1990, plaintiff had to prove his or her temporary total disability by a preponderance of the evidence. The Hearing Officer's application of the clear and convincing standard, although erroneous, was harmless error, for after careful review of the record we find that plaintiff failed to prove her temporary total disability by a preponderance of the evidence. The reasons for judgment reflect the concerns of the Hearing Officer concerning plaintiff's credibility regarding her intention and desire to return to work and her "self-serving" statements of the pain she would likely experience in driving her automobile in performing her duties as an insurance agent. Accordingly, except for the harmless error regarding the applicable standard of proof, we affirm the ruling of the Hearing Officer, See Villagomez, 569 So.2d at 1006, and adopt his findings of fact and reasons for judgment as our own. Costs are assessed at 50% to plaintiff and 50% to defendants.
AFFIRMED.

*176 APPENDIX

Kathryn Kennedy

versus

Security Industrial Insurance Company & Cigna.

Docket # 90-06782 District "6".

Office of Workers' Compensation Administration.

State of Louisiana.

Consolidated with:

Kathryn Kennedy

versus

Insurance Company of North America.

Docket # 90-07403 District "6".

Office of Workers' Compensation Administration.

State of Louisiana.

REASONS FOR JUDGMENT
The trial on the merits of this matter was heard June 27, 1991. The record reflects that the proper defendant in this matter is Security Industrial Insurance Company, the employer and its workers' compensation carrier, Insurance Company of North America (INA). The claimant herein, Kathryn Kennedy, was employed by Security Industrial Insurance Company as a sales agent from October 1988 until April 10, 1989. Testimony revealed that the claimants job primarily consisted of selling insurance and collecting premiums on a door to door basis. This involved quite a bit of on the road travel. The claimant testified she would drive approximately two thousand (2,000) miles per month while during the course of her employment. The claimant alleges that on April 10, 1989, she was leaving her automobile to visit a customer when she slipped in wet grass and twisted her back, experiencing back and leg pain. The claimant immediately went to Dr. Gerald Foret, a General Practitioner in Franklinton, Louisiana. She was admitted into Riverside Medical Hospital for conservative treatment and was thereafter referred to Dr. Charles Brent of Tulane Medical Center, a neurosurgeon. Workers' Compensation benefits were immediately instituted and have commenced through the date of this trial with one interruption. Workers' Compensation benefits were terminated August 13, 1990 and then reinstated October 8, 1990, however, the reinstatement of benefits did not bring the claimant up to date.
The issues presented before the Court are as follows;
a) Whether claimant sustained a work related accident in the course and scope of her employment.
b) Whether claimant is entitled to additional workers' compensation benefits.
c) The correct average weekly wage and rate of compensation.
d) Whether Insurance Company of North America was arbitrary or capricious in terminating benefits.
e) Whether Insurance Company of North America is entitled to a credit of overpayment of benefits.
Did the claimant sustain an injury entitling her to workers' compensation benefits?
Claimant testified that on April 10, 1989, she sustained injury to her lower back and leg while falling on wet grass, twisting her back after exiting her vehicle to visit a client during the course and scope of her employment. This testimony is corroborated with the medical testimony, although the accident was apparently unwitnessed. The claimant must prove her case by preponderance of evidence,
a) That an accident occurred during the course and scope of her employment;
b) The accident caused her injury; and
c) The injury caused the disability.
Having observed the claimant testifying and in reviewing the other evidence and testimony offered at trial, the Court concludes that an accident did occur April 10, 1989, as alleged by the claimant. (Gonzales v. Babco Form, Inc., 535 So.2d 822 (La.App. 2nd. Cir. 1988) and LA R.S. 23:1021(1)).
*177 Is the claimant entitled to additional workers' compensation benefits?
Conservative treatment failed at the direction of Dr. Gerald Foret. Her referral was made to neurosurgeon Dr. Charles Brent who performed a battery of diagnostic studies including, but not limited to mylegraphy, cat scan and EMG studies. Thereafter an MRI of the lumbar region was performed, which resulted in Dr. Brent's diagnosis of disc protrusion at the L4-5 level. As a result of the severity of the findings, Dr. Brent offered lower back surgery in the form of a laminectomy at the L4-5 lumbar area. Even though the claimant's treating physician, Dr. Brent, offered surgery as an option to relieve her persistent complaints of pain, it is apparent from the testimony that Dr. Brent was less than comfortable with the option of surgical intervention. As a result thereof, the claimant justifiably declined to have surgery and was released by Dr. Brent, having reached maximum medical improvement at that juncture. Thereafter, Dr. John Schuhmacher, a neurosurgeon was asked to review the necessity of surgery. Dr. Schuhmacher's report was accepted into evidence wherein he diagnosed the claimant's condition as a ruptured disc at the L5-S1, recommending surgery as an option to relieve complaints of pain. The claimant is again faced with a dilemma in that she has two neurosurgeons reporting significant pathology at two separate levels with a recommendation of surgery at each level. The claimant opted for conservative treatment and declined surgery.
The claimant testified that she is and has been unable to return to her former employment, at least in part, due to severe pain while riding or driving a car. She testified that she spends her days standing, sitting and lying down intermittently to relieve the pain. The claimant testified that she is only able to ride or drive while on medication due to pain. She further stated that she felt that it was dangerous for her to drive for any length or period of time due to the dangers created when driving under the influence of medication. The claimant went on to testify that her occupation necessitated her to be on the road approximately two thousand (2,000) miles per month. Though the claimant states that pain is to severe to ride or drive in a car, she testified that she has no intentions of submitting to surgery at this time unless the pain gets worse. The claimant was offered a part time job by her employer which would involve her driving approximately twenty (20) to twenty-five (25) miles to the office five (5) days per week from 9:00 a.m. to 1:00 p.m. The manager of Security Industrial, Otto Branon, stated that she would be paid minimum wage to answer the phone and be allowed to sit or stand at her option with any breaks that she deemed necessary. The claimant's treating physician, Dr. Brent approved this job. However, the claimant declined to accept the position stating that she can't drive to and from work and that presently she only drives approximately three (3) times per month. Testimony further revealed that the claimant was receiving benefit of an insurance policy taken out in the event of disability which paid her monthly fixed obligation(s).
Dr. Brent testified that he felt as though the claimant could perform the duties of an insurance agent. The doctor's testimony further revealed that the patient was restricted from strenuous activities. It was not felt by the physician that working as an insurance agent in the capacity as described to Dr. Brent would be considered strenuous in his opinion. Restrictions of no heavy lifting or bending fit the physical demands as described by manager Otto Branon. He stated that walking up steps and carrying up to three (3) pounds and driving were the primary physical demands of an insurance agent. Dr. Brent did testify that riding in a car may very well cause the claimant to endure discomfort. He could not testify as to whether or not her pain would be substantial in nature. Dr. Brent largely deferred to the claimant's self serving opinions as to whether or not she suffered pain and whether or not that pain was substantial to such an extent to prevent her from engaging in activities.
Considering the foregoing, the Court concludes that the claimant has failed to meet her burden in establishing that her disability is of such an extent and nature as to prevent *178 her from returning to her former occupation. The Court concludes, in addition, that the claimant lacks motivation and is less than sincere when she testified that she wants to return to work.
The claimant's self serving testimony is insufficient to carry her burden of disability without corroboration of medical evidence. Gibson v. BOH Bros. Construction Company, Inc., 553 So.2d 898 (La.App. 4th Cir. 1989). The claimant testified that she simply does not believe that she is able to return to work. The claimant has not tried to return to work, has not been restricted from driving or any other activities, but in fact has been released to sedentary activities as per Dr. Brent, which is consistent with the type of employment in which the claimant was previously engaged. Therefore, the claimant is not considered disabled based solely because she experiences some residual pain or discomfort. The Court has no doubt that the claimant experiences pain and discomfort. However, to be compensable, this pain and discomfort must be substantial and that the claimant's complaints of pain without medical conformation is not sufficient. Therefore the claimant has failed to meet her burden of proof by clear and convincing evidence that she is disabled to such an extent as to prevent her from returning to work at her previous employment.
Even though it is determined that the claimant can return to her previous employment, the Court recognizes the fact that the claimant is entitled to ongoing medical treatment at the direction of her treating physician. All such expenses including prescriptions and mileage, physical therapy, and other reasonable and necessary charges at the direction of Dr. Brent, are the responsibility of the defendant herein. It is further concluded that the overall picture was not completed regarding the positions of the parties until trial on the merits was heard. It was only then that such a legal determination could be made. Therefore, any payments made by the defendants through signing of this judgement will not be credited to the defendant in the event that future weekly indemnity benefits come due at a later time. Likewise, the claimant is not entitled to any under-payment the defendant may have made as it relates to weekly indemnity benefits. Furthermore, in an attempt to prevent further complications as they may arise and in the Court's discretion it is concluded that the claimant worked a minimum of one hundred (100) days during her last twenty six (26) weeks at work and that during said twenty six (26) week period the claimant grossed Ten Thousand Eight Hundred Seven and 57/100 ($10,807.57) Dollars. Accordingly, if they become due, all future weekly benefits shall be based upon these calculations.
Each party is to bear their own cost of these proceedings and counsel for the defendant is instructed to submit a judgement in conformity with these reasons within twenty (20) days of receipt of said reasons. There is no finding of arbitrary conduct on the part of the defense, thus no attorneys fees or penalties are assigned.
THUS DONE AND SIGNED in Franklinton, Louisiana this 12th day of November, 1991.
 /s/ Robert W. Varnado, Jr.
 Robert W. Varnado, Jr.
 JUDGEDISTRICT "6"
CC: Pete Lewis
Kristi Stroehel