CRAIN, Judge.
This appeal is from a judgment of the Hearing Officer[1] finding George Zechenelly totally and permanently disabled, granting worker’s compensation benefits of $261 per week retroactive to April 18,1990, and granting attorney fees of $6500 together with 12% penalty on past due benefits for defendants’ arbitrary and capricious termination of benefits. The Hearing Officer adopted plaintiffs post trial memorandum as his reasons for judgment.
The defendant assigns as error the Hearing Officer’s holding plaintiff totally and permanently disabled and finding that defendant arbitrarily and capriciously terminated benefits.
According to the adopted reasons for judgment the Hearing Officer found as follows:
At the inception of the hearing the parties stipulated in the record that the claimant sustained injuries in the course and scope of his employment as the result of an accident which occurred on or about April 15, 1987. As a result of the accident and injuries sustained therein the claimant eventually underwent a three level cervical fusion by Dr. Bert Bratton. The two treating physicians (Dr. Bert Bratton and Dr. Robert Tassin) testimony was introduced by their depositions which had been previously taken. Both doctors testified that they thought the claimant was totally disabled and incapable of gainful employment. There was no medical testimony *165 that the claimant was capable of employment.
Temporary total disability benefits were paid by Boh Brothers from the date of the accident through April 18, 1990 and thereafter discontinued. The parties stipulated to an average weekly wage at the time of the accident of $627.70 per week for the resulting compensation rate of 261.00 per week.
[[Image here]]
The claimant testified that his date of birth is 12/30/25 which meant that he was 61 years old at the time of the accident and 65 years old at the time of trial. In July of 1987 the claimant underwent a cervical fusion at C4-5, 5-6 and 6-7 by Dr. Bert Bratton. Thereafter the claimant continued to follow with Dr. Bratton and was eventually assigned a 40% disability rating to the body as a whole because of residual muscle weakness and pain.
A finding of disability must be based on both medical and lay testimony and conclusions of the trial court in that respect are entitled to great weight, and are not reversible unless manifestly erroneous. Ross v. St. Paul Fire and Marine Ins. Co., 556 So.2d 891 (La.App. 2nd Cir.1990). The same rule has been applied to decisions of Hearing Officers. King v. Wal-Mart Stores, Inc., 599 So.2d 856 (La.App. 4th Cir.), writ denied, 604 So.2d 966 (La.1992). A permanently totally disabled employee must be unable to engage in any employment even in pain. La.R.S. 23:1221(2)(c).
We have thoroughly reviewed the record including all medical evidence and evaluations by vocational specialists available to the Hearing Officer. The plaintiffs injury to the cervical spine must be considered along with other related factors in determining his ability to do any work. These factors are that he is presently 68 years old and has diabetes as well as hypertension. His treating physician indicated that he did not think plaintiff could hold down a 20 or 40 hour per week position even as a 911 operator, gate guard or self service cashier. Dr. Tassin concurred. Mr. Bobby Robertson, a vocational evaluation specialist, felt that all factors considered plaintiffs vocational impairment has been total since his injury.
Based upon the evidence presented we cannot say that the Hearing Officer was manifestly erroneous in determining that the plaintiff is totally and permanently disabled.
With reference to penalties and attorney fees, the record indicates that termination of benefits was based on a letter to F.A. Richard and Associates from Dr. Brat-ton. That letter stated that plaintiff had reached maximum medical improvement. However, it also stated that he should not “return to any type work such as heavy equipment operator” and since he was the 61 years old “it would be best for him to take a medical retirement status.” This is an inadequate basis for terminating benefits without further investigation. We find no error in the assessment of penalties and attorney fees.
The finding of the Hearing Officer is affirmed. Defendant is to pay all costs.
AFFIRMED.
GONZALES, J., dissents.

. We note there is no basis for referring to Hearing Officers as Judges. La.R.S. 23:1310.1 provides for the appointment of Hearing Officers by the Director of the Office of Worker’s Compensation. Art. 5, Sec. 22(A) (La. Const.1974) provides that "Except as otherwise provided in this Section, all judges shall be elected.” There is no exception for Hearing Officers appointed to hear worker’s compensation cases.