671 So.2d 1218 (1996)
Ida WALKER, Plaintiff-Appellant,
v.
CONAGRA FOOD SERVICES, Defendant-Appellee.
No. 28,205-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1996.
Rehearing Denied May 2, 1996.
*1219 Ida Walker, in pro. per.
Watson, Murchison, Crews, Arthur & Corkern, Daniel T. Murchison, Jr., Natchitoches, for Defendant-Appellee.
Before MARVIN, C.J., and BROWN and CLARK, JJ.
MARVIN, Chief Judge.
In this workers' compensation action, Ida Walker, appearing pro se here and below, appeals the Hearing Officer's (WCHO's) decision awarding her temporary total disability benefits for about two weeks and the costs of her medical treatment for injury sustained in a work-related accident. We affirm in an unpublished addendum to this opinion. URCA, Rule 2-16.2.
We publish simply to express our agreement with the cases suggesting the correct terminology that should be used in workers' compensation hearings, adjudications and review under current law. While attorneys and judges, including those on this court who review workers' compensation cases, have sometimes referred to a decision of an appointed WCHO as a judgment, neither the constitution nor the statute permits such usurpation of nomenclature. Similarly, the Hearing Officer is not a judge, who is elected, and does not preside over a court. A Workers' Compensation Hearing Officer presides over a tribunal and may render an order, decision or award within that tribunal. La. Const. Art. 5, § 16(A), § 22; LRS 23:1310.1, 1310.5(A). We have said, "The OWC is a legislatively-created administrative body, in which the WCHOs function in a quasi-judicial capacity to settle workers' compensation disputes." Whittington v. Langston Drilling Co., 26,001, p. 4 (La.App. 2d Cir. 9/21/94), 643 So.2d 336, 339 (emphasis added).
The above designations derive from substantive constitutional and statutory provisions, also cited, and not from the Hearing Officer Rules promulgated by the OWC director to regulate procedural matters. See generally Bass v. National Maintenance Corp., 95-0367 (La.App. 1st Cir. 12/15/95), 665 So.2d 782, observing that "... OWC hearing officers ... are not members of the judiciary" under the constitutional and statutory law, notwithstanding the references in Hearing Officer Rule 2159 to "the Workers' Compensation Court" and "the Workers' Compensation Judge." 95-0367 at p. 4, p. 6 n. 3; 665 So.2d at 784, 785 n. 3.
We adopt by reference similar observations made in the following cases: Moore v. Roemer, 567 So.2d 75, 79-80 (La.1990); Chexnayder v. Schwegmann Giant Supermarket, 620 So.2d 392, n. 1 (La.App. 1st Cir.1993); Gay v. C & D of Shreveport, 25,319, p. 1 (La.App. 2d Cir. 10/26/94), 645 So.2d 280, 281. See also Zechenelly v. F.A. Richard & Associates, Inc., 623 So.2d 163, 164 n. 1 (La.App. 1st Cir.1993), writ denied; Bynum v. Capital City Press, 94-1658, p. 1 n. 1 (La.App. 1st Cir. 5/5/95), 655 So.2d 489, n. 1, writ granted; and In re Delaune, 625 So.2d 269, 272-273 (La.App. 4th Cir.1993) (Schott, C.J., concurring).

APPLICATION FOR REHEARING
Before MARVIN, SEXTON, NORRIS and BROWN, JJ. and CLARK, J. Pro Tem.
Rehearing denied.