I í MARVIN, Chief Judge.
In this worker’s compensation action, the claimant, John Alvin Hogan, appeals what counsel and the WCHO have incorrectly styled as an “Amended Judgment.” The WCHO’s original decision, also mislabeled as a “judgment,” was amended after the employer filed a motion seeking either to amend or to obtain a new trial, following which the WCHO held a telephone conference on the motion with counsel for each litigant.[1]
The WCHO’s original decision awarded $165.68 in weekly benefits for disabling head and neck injuries sustained by Hogan and assessed penalties and attorney fees against the employer. The decision was “amended” apparently because it was contrary to the stipulation made by the parties that the compensation rate was $265.68, and that sum had been paid until the date that Hogan was released to work. Other w.c. obligations had been paid up to that point, as well.
The WCHO’s amended decision reversed the award of penalties and attorney fees against the employer and corrected the weekly compensation amount. In each decision, the WCHO denied the claimant’s demands for continued benefits under the occupational disease statute for carpal tunnel syndrome (CTS).
*681 Hogan contends the WCHO erred in denying in each decision his claim for benefits arising from his CTS and in denying, in the amended decision, his demands for penalties and attorney fees without the grant of a new trial. See La. C.C.P. arts.1951, 1971, et seq. Neither litigant addresses La. R.S. 23:1310.5B. Under Art.1951 and § 1310.5B, the WCHO could not- substantively amend her original decision nor entertain a motion for a new trial Compare Boudreaux v. Production Management, Inc., 95,3000 (La.2/9/96), 667 So.2d 543, wherein the |2WCHO decision was rendered before the effective date of § 1310.5B, June 16, 1995. Acts 1995, No. 348.
The effect of these circumstances requires us to vacate the second decision, ostensibly allowing the WCHO’s first decision, which the WCHO later deemed was clearly wrong, to be reinstated as a final, but appealable decision, which we are unable to correct because only Hogan appealed. La. C.C.P. arts. 2082, 2083, and 2133. Notwithstanding our reinstatement of the WCHO’s first decision, we do not transform that decision into an unappealable definitive decision, however, because the employer sought, however improperly, to correct that decision below. The first decision of the WCHO is reinstated only as a final judgment which may be appealed by the employer on remand from this court. See La. C.C.P. art. 2164 and McClelland v. State National Life Insurance, 94-2123 (La.11/18/94), 646 So.2d 309.

DECREE

At the cost of the employer, the WCHO’s second decision is vacated and set aside and the matter is remanded to the OWC.

. Again we emphasize that it is legally incorrect and improper for either counsel or a WCHO to refer to a ruling, award or decision of a WCHO as a “judgment.” See discussion and authorities in Walker v. ConAgra Food Services, 28,205 (La. App.2d Cir. 4/3/96), 671 So.2d 1218.