On Writ of Certiorari to the Court of Appeal, Fourth Circuit, Parish of Orleans, State of Louisiana.
h JOHNSON, Justice,
dissenting.
Having been a district trial judge in 1988 when the Louisiana Legislature passed Act 938 of 1988, I believe that the intent of the Louisiana Legislature was to eliminate the district court’s role in the workers’ compensation litigation process. Nine Administrative Hearing Officer positions were created with original exclusive jurisdiction over all claims filed pursuant to the workers’ compensation act. A disputed claim was to be filed with the Director of the Office of Workers’ Compensation, who would assign the claim to one of the hearing officers. The clear intent of the statute was that hearing officers would now perform the adjudicatory functions previously delegated to district court judges. See Denis Paul Juge, Louisiana Workers Compensation (1997).
The constitutionality of Act 938 was challenged in 1990 in Moore v. Roemer, 560 So.2d 927 (La.App. 1 Cir.1990). On April 10, 1990, the First Circuit Court of Appeal granted a writ application |2and declared the hearing officer system to be an unconstitutional grant of original and exclusive jurisdiction. The court concluded that “since a worker’s compensation claim is a civil matter within the original jurisdiction of the district court and since Act 938 of 1988 vests the claims exclusively with the OWC, the legislation has ‘in effect’ divested the district courts of original jurisdiction in direct violation of Art. V, Sect. 16(A) of the Louisiana Constitution.” In response to this decision, the legislature passed a constitutional amendment in 1990 recognizing an exception to the district court’s exclusive jurisdiction over civil matters by establishing an administrative system for workers’ compensation matters.
One month before voters were to go to the polls to vote on the constitutional amendment to Art. V, Sect. 16(A), this court in Moore v. Roemer, 567 So.2d 75 (La.1990), affirmed the court of appeal decision and declared Act 938 unconstitutional. The court reasoned that “[¡Irrespective of any intent to remove workers compensation claims from the category of civil matters and to circumvent the constitutional requirement for original jurisdiction in the district court, the Legislature was without authority to divest the district court of original jurisdiction over ‘all civil and criminal matters.’ Original jurisdiction over civil actions historically has been vested in the district courts.”
At the time this court rendered its decision in Moore v. Roemer, La. Const. Art. V, § 16(A) provided in part:
“(A) Original jurisdiction. Except as otherwise authorized by this constitution, a district court shall have original jurisdiction of all civil and criminal matters.... ”
Pursuant to the amendment, La. Const. Art. V, § 16(A) presently provides in pertinent part:
“Section 16. (A) Original Jurisdiction.
(1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker’s compensation matters, a district court shall have original jurisdiction of all civil and criminal matters.... ” [Emphasis added].
It is clear from this constitutional amendment that the intent of the legislature was to allow for an exception to the grant of exclusive original jurisdiction to district court and allow specifically for workers’ compensation *1389 matters to be tried by workers’ compensation judges. The statute that vests workers’ compensation judges with original jurisdiction over workers’ compensation matters is La. R.S. 23:1310.3(E), which provides:
“Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the hearing officer shall be vested with original, exclusive jurisdiction over all claims or |3disputes arising out of this Chapter.”
The majority interprets Art. Y, § 16(A) as giving exclusive original jurisdiction to district courts, but ignores the wording of this provision which makes an exception for workers’ compensation matters.
It is a well-settled principle in constitutional law that “amendments to the constitution become part of the constitution when twenty full days elapse after the day of the Governor’s proclamation.” La. Const. Art. 13, § 1, n. 21, citing Op.Atty.Gen. No. 95-511, Dee. 14, 1995. Act 938 was ratified by the electors of the State of Louisiana on October 6, 1990. On October 6, 1990, the electorate ratified the proposed amendments to Const. Art. 5, § 10(A) and (B) and 16(A). The ballot proposition reflected an intent to “provide that the trial of workers’ compensation eases may be decided by administrative hearing officers rather than the district court, ...” See Historical Notes, La. R.S. 23:1310.1. See also, Piper v. Dillard’s Department Store, 621 So.2d 865 (1993). The governor proclaimed the adoption of the amendment on October 18, 1990 and the amendment became effective on November 8, 1990. Therefore, the amendment became a part of the constitution, carrying as much weight to allow for the removal of original jurisdiction of workers’ compensation matters from district courts as it does with vesting original jurisdiction of other types of civil and criminal matters with the district courts.
The majority relies on Midboe v. Commission on Ethics for Public Employees, 94-2770 (La.11/30/94), 646 So.2d 351 to support the proposition that “administrative agencies do not have the authority to determine questions of constitutionality.” Midboe is not controlling here because the administrative agency involved in that case was the Department of Environmental Quality, which, unlike the Office of Workers’ Compensation Administration, fails to have specific constitutional authority under Article V. Workers’ compensation judges or hearing officers are constitutionally vested with original, exclusive jurisdiction over all claims or disputes arising out of the Chapter of the Revised Statutes governing workers’ compensation matters, subject to the limitations of La. R.S. 23:1101(D) and 1378(E). See La. R.S. 23:1310(E).
In Walker v. ConAgra Food Services, 671 So.2d 1218 (La.App. 2 Cir.1996), the court of appeal went to great lengths to inform hearing officers that they were not judges since they were not elected and did not preside over á court. The court stated “[a] Workers’ Compensation Hearing Officer presides over a tribunal and may render an order, decision or award within the L tribunal.” The court farther stated, “We have said, ‘The OWC is a legislatively-created administrative body, in which the WCHO’s function in a quasi-judicial capacity to settle workers’ compensation disputes.’” (Citations omitted). The majority in the instant case also states that “hearing officers of the Workers’ Compensation Administration are not authorized to exercise ‘judicial power,’ under Art. 5, § 1.”
Evidently, the legislature thought otherwise. On June 13,1997, the Governor signed Act No. 88, which directs that workers’ compensation hearing officers will now be called workers’ compensation judges. Act No. 88, embodied in La. R.S. 23:1021, reads:
“The Louisiana State Law Institute is directed to change all references to ‘hearing officer’ or ‘administrative hearing officer’ to ‘workers’ compensation judge’ in the law under Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, in all enactments of the 1997 Regular Session of the Legislature, and in all subsequent enactments.” [Emphasis added].
Additionally, La. Const. Art. V, § 1 provides:
“The judicial power is vested in a supreme court, courts of appeal, district courts, and other courts authorized by this Article.” [Emphasis added].
As earlier stated, La. Const. Art. 5, § 16(A) provides for the vesting of original jurisdiction of workers’ compensation matters with workers’ compensation judges of the Office of Workers’ Compensation Administration. Accordingly, the Office of Workers’ Compensa *1390 tion falls within “other courts authorized by this Article.” Thus, workers’ compensation judges are authorized to exercise “judicial power” under Article 5, § 1. Workers’ compensation judges must be licensed to practice law in Louisiana, and must have engaged in the actual practice of law for at least five years prior to their appointment, which are the same requirements for other judges. See La. R.S. 49:99tfA).
The Office of Workers’ Compensation is a legislatively-created administrative body, but functions as a quasi-judicial agency to settle workers compensation disputes. I believe that jurisdiction to hear a matter includes the jurisdiction to hear related constitutional issues. There is no restriction either under the Constitution or legislative act that states, or otherwise indicates, that workers’ compensation judges do not have the jurisdiction to determine constitutional disputes because they are appointed, rather than elected. The Constitutional Amendment to Article 5 Section 16(A) removed original jurisdiction for workers’ compensation matters from the district courts and, in turn, the legislature vested the original jurisdiction with the workers’ I ¡¡compensation judges without restricting their authority to hear related constitutional issues.
The language of La. R.S. 23:1310.3(E) is clear. The workers’ compensation judge has original, exclusive jurisdiction over all claims or disputes arising out of this Chapter. The statutory intent is clear. It was not the legislative intent to divide the workers’ compensation process into two parts where the workers’ compensation judge decides the case and where the district court on the other hand decides the constitutionality of workers’ compensation statutes. The constitutional mandate is clear. The workers’ compensation judge has the legislative grant of original jurisdiction to rule in areas of workers’ compensation law. See Const. Art. V, § 16(A). In my mind, the Louisiana Supreme Court would consider direct appeals from the workers’ compensation judges on constitutional issues. In all other instances, appeal is from the Office of Workers’ Compensation to the Circuit Courts of Appeal. The legislative intent was that these eases would not land back in the district courts, but bypass the district court entirely. For all intents and purposes, the Office of Workers’ Compensation is now the trial court.
For the foregoing reasons, I respectfully dissent.