| ¡>FOIL, Judge.
Gerald Erdey appeals a judgment denying his claim for workers’ compensation benefits. For the reasons that follow, we affirm.
FACTS
On October 29, 1999, Gerald Erdey filed this disputed compensation claim against his former employer, Sullivan Oil Company, alleging that he was injured in a work accident. Erdey was employed by Sullivan as a manager of a convenience store in Hammond, Louisiana. He claimed that on the afternoon of February 26, 1999, he was lifting a ease of paper products onto an elevated shelf when he experienced pain in his lower back. The next day, a Saturday, he alleged he went to the emergency room at North Oaks Medical Center with complaints of low back pain. That Monday, Erdey telephoned his supervisor, Charles Naretta, and told him he had pulled a muscle in his back and was on crutches. Thereafter, Sullivan paid Erdey his full wages for several weeks while he underwent physical therapy. Erdey continued working for Sullivan until October of 1999, when he was terminated. In his disputed claim for benefits, Erdey claimed Sullivan’s denial of benefits was arbitrary and capricious and that Sullivan terminated him in retaliation for his making a claim.
Sullivan claimed that its refusal to provide Erdey with benefits was neither arbitrary nor capricious. It maintained that Erdey’s alleged injuries were not suffered as a result of a compensable incident oc *1083 curring in the course and scope of his employment. Sullivan further asserted that Erdey was terminated for a reason that was totally unrelated to any issue of workers’ compensation.
After a hearing, Workers’ Compensation Judge (WCJ) Delos R. Johnson, Jr.; rendered judgment in favor of Sullivan, denying Erdey’s claims. This appeal by Erdey followed.
DISCUSSION
On appeal, Erdey claims that the WCJ committed manifest error in not finding that he sustained work-related injuries within the scope of his employment thus entitling him to workers’ compensation benefits. He further asserts that Sullivan should have been assessed statutory penalties and attorney fees for its blatant noncompliance with the law.
|,Jn workers’ compensation cases, as in other civil cases, the appellate court’s review of facts is governed by the manifest error or clearly wrong standard. Bass v. National Maintenance Corporation, 95-0367, p. 3 (La.App. 1 Cir. 12/15/95), 665 So.2d 782, 783. In order to reverse a factual finding of the WCJ, we must find from the record that a reasonable factual basis does not exist for the finding and that the record establishes the finding is clearly wrong. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993).
A review of the evidence presented in this case shows that two witnesses testified on behalf of Erdey, himself and coworker Cheryl Thompson. Both witnesses corroborated the version of events alleged in Erdey’s disputed claim. The record also shows, however, that Thompson was terminated at the same time as Erdey. Their supervisor, Charles Naretta, testified that Erdey and Thompson were terminated because the company found serious shortages in the store’s cash account and merchandise inventory. Naretta also denied that Erdey reported his alleged injury to him on the Monday following the accident. He stated that Erdey told him some time later that he strained his back while mopping the floor.
In addition to Naretta’s testimony, Sullivan also presented the testimony of two other co-workers of Erdey’s. Cheyenne Johnson and Dorothy Collura both testified that Erdey said he hurt his back throwing a cat out of his house over the weekend. Records of the emergency room at North Oaks Medical Center reflect that Erdey complained he hurt his back when he bent over to pick up a cat. Dr. E. Thomas Cullom, III, a neurosurgeon who treated Erdey, testified that Erdey presented a history of experiencing low back pain after bending over to pick something up.
There are no legal issues involved in this case; Erdey’s challenges are directed at the factual conclusions of the WCJ. The WCJ apparently accepted the evidence offered by Sullivan and found that Erdey’s back problems were not caused by a work-related accident. Where two permissible views of the evidence exist, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State, Department of Transportation and Development, 617 So.2d at 883. In the absence of manifest error, we are charged with affirming the WCJ’s judgment.
l4For the foregoing reasons, the judgment of the WCJ is affirmed at appellant’s cost.
AFFIRMED.