| ?FOIL, Judge.
An employer, Braithwaite Construction, appeals a judgment reinstating temporary total disability benefits to claimant, Nicholas Mantón, in this workers’ compensation case. The judgment further awarded penalties and attorney’s fees based on the employer’s arbitrary and capricious termination of benefits. For the reasons that follow, we affirm the reinstatement of benefits, but reverse the award of penalties.
FACTS
This case involves a dispute over the entitlement of Nicholas Mantón to workers’ compensation benefits. Mantón, an employee of Norcan Builders, alleges that he sustained a neck injury on August 2, 1999, while lifting a metal saw. Norcan, who did not have workers’ compensation insurance, agreed to pay Mantón a specified sum on a weekly basis for indemnity and medical benefits until Mantón could return to work. However, Mantón never returned to work, and Norcan stopped paying benefits.
Braithwaite Construction was the general contractor for the project on which Man-ton was allegedly injured. Braithwaite had subcontracted with Norcan to assist it in completing a portion of the work required for the project. When Norcan stopped paying benefits, Mantón asserted a claim for benefits against Braithwaite and its compensation carrier, the Louisiana United Businesses Association Self Insurers Fund (LUBA). LUBA began paying benefits to Mantón, and subsequently paid for cervical surgery and physical therapy. LUBA later suspended benefits *1170 when it discovered that Mantón had allegedly sustained the exact same injury eight months before the accident involved in this case. According to LUBA, Mantón failed to reveal this prior work accident in a recorded statement provided to one of its representatives. Braithwaite/LUBA filed its own petition, claiming that Mantón forfeited benefits under La. R.S. 23:1208. It also sought reimbursement from Norcan for all indemnity and medical benefits paid.
^Following a hearing, the workers’ compensation judge, Robert W. Varnado, Jr., found that Mantón, who suffers from a learning disability, did not make deliberate misrepresentations for the purpose of obtaining benefits. The WCJ further found that Mantón sustained his burden of proving that his present disability stems from a work-related accident that occurred on August 2,1999. As such, the WCJ reinstated Manton’s temporary total disability benefits. The WCJ further found that the termination of benefits was arbitrary and capricious and imposed a penalty of $2,000.00, plus he awarded attorney’s fees in the amount of $5,000.00. This appeal by Braithwaite followed.
DISCUSSION
On appeal, Braithwaite claims that the WCJ committed manifest error in finding that Mantón is learning disabled, which resulted in “difficulty recalling past injury experiences.” It argues that Mantón repeatedly violated La. R.S. 23:1208, resulting in a forfeiture of benefits.
In workers’ compensation cases, as in other civil cases, the manifest error or clearly wrong standard governs the appellate court’s review of facts. Bass v. National Maintenance Corporation, 95-0367, p. 3 (La.App. 1 Cir. 12/15/95), 665 So.2d 782, 783. In order to reverse a factual finding of the WCJ, we must find from the record that a reasonable factual basis does not exist for the finding and that the record establishes the finding is clearly wrong. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993).
In written reasons for judgment, the WCJ stated that, after observing the demeanor of the witnesses, particularly Man-ton, it found “uncontroverted testimony regarding Manton’s learning disability.” He stated the evidence did not show that Man-ton made willful and deliberate misrepresentations for the purpose of defrauding and to obtain workers’ compensation benefits.
|4A review of the evidence presented in this case reveals that a reasonable factual basis exists for the WCJ’s findings on the issue of Braithwaite’s section 1208 claim and that his findings are not clearly wrong. Accordingly, we are constrained to affirm these findings.
Braithwaite also urges on appeal that Mantón failed to carry his burden of proving a compensable accident and injury. In his reasons for judgment, the WCJ stated he found the totality of medical evidence supports Manton’s factual allegations. The WCJ further noted that Mantón sustained his burden of proving a work-related accident with resulting injury and disability occurred on August 2, 1999. Once again, after reviewing the record, we find that a reasonable factual basis exists for the WCJ’s finding on the accident/injury issue and that his finding in this regard is not clearly wrong. Therefore, the finding on this issue is affirmed.
Next, Braithwaite argues the WCJ erred when he initially refused to permit its counsel to cross-examine Mantón as to his original deposition testimony prior to its correction through an errata sheet. We find no merit in this argument. Both the changed and original versions were properly admitted into evidence. Further, as admitted by Braithwaite in brief, the WCJ *1171 granted its motion to re-open testimony on this issue and counsel was given the opportunity to cross-examine Mantón.
On appeal, Braithwaite also asserts the WCJ erred in awarding penalties in this case. It claims that La. R.S. 23:1201.2 only provides for an award of reasonable attorney’s fees, not penalties, when the employer or insurer arbitrarily discontinues payment of benefits due, as opposed to failing to commence payments of benefits. We agree. Williams v. Rush Masonry, Inc., 98-2271, p. 7 (La.6/29/99), 737 So.2d 41, 45. Therefore, we reverse the judgment of the WCJ insofar as it awarded penalties in this case.
Braithwaite further argues it possessed sufficient factual evidence reasonably disputing Manton’s entitlement to benefits such that an award of |Battorney’s fees was not warranted. The WCJ found, however, that neither the testimony of the independent claims adjuster or that of the claims manager presented a valid controversion of this claim sufficient to justify termination of benefits. Rather, the WCJ found that as a result of the “gross mis-characterization” of Mantón by Norcan and perpetuated by Braithwaite, as well as “malinformation from the representatives of the carrier,” the termination of benefits was arbitrary and capricious. Again, this is a factual question that will not be disturbed in the absence of manifest error. Finding no such error, we affirm the award of attorney’s fees in this instance.
Finally, Braithwaite asserts the WCJ erred in casting Louisiana Workers’ Compensation Corporation (LWCC) in judgment. It points out that the compensation carrier involved in this case is LUBA. This error on the part of the WCJ was clearly just an oversight, and we amend the judgment accordingly.
CONCLUSION
For the foregoing reasons, the judgment appealed from is reversed insofar as it awarded penalties. It is amended to provide judgment is rendered against LUBA, as opposed to LWCC. In all other respects, the judgment is affirmed. Costs of this appeal are assessed to appellant, Braithwaite Construction.
REVERSED IN PART; AMENDED AND, AS AMENDED, AFFIRMED.