J^FOIL, J.
An employer, M-I L.L.C., appeals a judgment awarding temporary total disability benefits to claimant, John Guidry, Jr., in this workers’ compensation case. The judgment further awarded medical expenses to claimant. For the reasons that follow, we affirm.
FACTS
This case involves a dispute over the entitlement of John Guidry to workers’ compensation benefits. Guidry, a ten-year employee of M-I, alleges that he had a mental breakdown and suffered from major depression following a demotion and sexual harassment allegations levied against him by his supervisor. Guidry was hospitalized for almost two weeks and was out of work for 19 weeks. He ultimately returned to work at M-I.
Following a hearing and the submission of post-trial memoranda, the workers’ compensation judge, Glynn F. Voisin, rendered judgment, finding that Guidry suffered a compensable, work-related injury. The WCJ further found that Guidry established by clear and convincing evidence that the demotion/allegations of sexual harassment rendered by Ron Domangue constituted a sudden, unexpected and extraordinary event. As such, the WCJ awarded Guidry temporary total disability benefits in the amount of $11,892.32, and medical expenses in the amount of $7,296.00, for a total of $19,188.32. This appeal by M-I followed.
DISCUSSION
On appeal, M-I claims that the WCJ committed manifest error in finding that Guidry proved by clear and convincing evidence that his depression was a result of work-related stress from a sudden, unexpected, and extraordinary event. It asserts that Guidry’s stress was not work-related, but stemmed from his daughter’s concerns regarding the sexual harassment allegations.
In workers’ compensation cases, as in other civil cases, the manifest error or clearly wrong standard governs the appellate court’s review of facts. Bass v. National Maintenance Corporation, 95-0367, p. 3 (La.App. 1 Cir. 12/15/95), 665 So.2d 782, 783. In order to reverse a factual finding of the WCJ, we must find from the record that a reasonable factual basis does not exist for the finding and that the record establishes the finding is clearly wrong. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993).
A review of the evidence presented in this case reveals that a reasonable factual basis exists for the WCJ’s findings on the issue of Guidry’s mental injury claim and that these findings are not clearly *832 wrong. Accordingly, we are constrained to affirm these findings.
M-I also urges on appeal that Guidry received short-term disability benefits for three and one-half weeks at full pay for a forty-hour work week, and sixty percent of his weekly pay thereafter until his return to work. It argues that the benefits awarded should be reduced by the amount paid, $4,649.30, leaving a balance of $2,262.70, plus stipulated medical expenses.
In response, plaintiff correctly points out that his counsel did not stipulate at the beginning of trial that he was paid under an M-I-funded short-term disability plan. Plaintiff maintained that he paid for the plan and M-I introduced no evidence that payments were made from a plan funded by M-I. As such, we decline to disturb the amount awarded by the WCJ.
CONCLUSION
For the foregoing reasons, the judgment appealed from is affirmed. Costs of this appeal are assessed to appellant, M-I L.L.C.
AFFIRMED.