JACHARLES R. JONES, Judge.
The instant case arises out of a claim for worker’s compensation filed with the Office of Workers’ Compensation (hereinafter “OWC”) by the Appellant, Maxine Thomas. Ms. Thomas seeks review of the judgment by the OWC denying her claim for worker’s compensation benefits. We reverse.
On August 12, 1998, Ms. Thomas instituted a claim for benefits after suffering a work-related injury to her right knee while an employee of The Folgers Coffee Company (hereinafter “Folgers”). On May 8, 2002, the matter was tried before the OWC, however Judge Clara Toombs resigned her appointment before a decision was rendered. On September 18, 2002, Judge Sheral C. Kellar, Judge Toombs’ temporary successor, concluded that Ms. Thomas did not prove by a preponderance of the evidence,that she suffered a work-related injury, and denied workers’ compensation benefits.
Ms. Thomas subsequently appealed and this Court vacated and remanded the September 18, 2002 judgment to the OWC. Judge Sean A. Jackson, the appointed successor for Judge Clara Toombs, rendered a judgment denying Ms. Thomas workers’ compensation benefits. This judgment.is the subject of the matter now before this Court.
| 2Ms. Thomas first argues that the OWC erred in finding that her injury was not work-related. Louisiana courts have consistently interpreted the work-related accident requirement1 liberally. Bruno v. Harbert International Inc., 593 So.2d 357, 360 (La.1992). It is well settled that an “accident” exists when “heavy lifting or other strenuous efforts,. although usual and customary, cause or contribute to a physical breakdown or accelerate its occurrence because of a pre-existing condition.” Id. The determination of whether an accident occurred is to be construed from the worker’s perspective and the claimant has the burden of establishing a. work-related incident by a preponderance of the evidence. Id.
Compensable injuries under the workers’ compensation laws must have resulted from an accident arising out of and in the course of employment. La. R.S. *1074 23:1031(A); Bruno. The language of La. R.S. 23:1021(1) provides that an “accident” means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury, which is more than simply a gradual deterioration or progressive degeneration.
This Court has previously interpreted the amended language of La. R.S. 23:1021(1) to exclude from the definition of “accident” conditions that are caused by a progressive deterioration. Carter v. New Orleans Fire Department, 94-0338, p. 4 (La.App. 4 Cir. 11/17/94), 646 So.2d 455, 459. See also Blanque v. City of New Orleans, 612 So.2d 948 (La.App. 4th Cir. 1993). However, it has been established that if the claimant is able to identify an event marking the time the injury occurred or the symptoms arose or suddenly or markedly increased in severity, even if such event occurs during the performance of customary or routine work activities, the employee has established an “accident” within the meaning of La. R.S. 23:1021(1). Sterling v. Orleans Parish School Board, 96-0107 (La.App. 4 Cir. 6/26/96), 679 So.2d 167, 170-171; Begue v. Crossover, Inc., 03-0267 (La.App. 1 Cir. 11/21/03), 868 So.2d 100, 105.
It is well settled that an employee’s disability is compensable if a preexisting condition or disease is activated or precipitated into a disability as a result of work. Moreover, an employee’s disability will be presumed to have resulted from an employment accident if before the accident, the employee was in good health, but commencing with the accident the symptoms of the disabling conditions appear and continuously manifest themselves, provided the evidence shows a reasonable possibility of a causal connection between the accident and the disabling condition. Dou-cet v. Baker Hughes Production Tools, 93-3087 (La.3/11/94), 635 So.2d 166, 167. This presumption is not conclusive, but it requires the defendant to come forward with sufficient contrary evidence to rebut it. Doucet, at 167-168; citing Hammond v. Fidelity & Casualty Co. of New York, 419 So.2d 829, 831 (La.1982).
In the case at bar, it is undisputed that the August 12, 1998 incident was an unexpected event, which happened suddenly and directly produced objective findings of an injury to Ms. Thomas’ right knee. Immediately prior to the incident, Ms. Thomas was performing the physical requirements of her job, including climbing and kneeling over during the course of her eight to twelve hour shifts. However, the record indicates that immediately after the fall, she was unable to perform her work duties. Moreover, Dr. Kenneth Veca, Ms. Thomas’ treating physician, confirmed that Ms. Thomas would be unable to perform her usual duties as a result of the injury. Therefore, this Court finds merit to Ms. Thomas’ claim that her injury is work-related.
|4Ms. Thomas further argues that the OWC erred in relying on inadmissible evidence attached to the appellee’s Post-Trial Memorandum. However, as this Court finds that Ms. Thomas did sustain a work-related injury, we pretermit discussion of her second assignment of error.
DECREE
For the reasons stated herein, the judgment dismissing Ms. Thomas’ claim for workers’ compensation benefits with prejudice, is reversed and remanded for further proceedings and for a determination of benefits to which Ms. Thomas is entitled.
REVERSED AND REMANDED.