877 So.2d 199 (2004)
Leah B. MURRAY, Plaintiff-Appellee,
v.
HOLLYWOOD CASINO, Defendant-Appellant.
No. 38,539-WCA.
Court of Appeal of Louisiana, Second Circuit.
June 23, 2004.
*200 Law Offices of Ronald F. Lattier, LLC by Ronald F. Lattier, Shreveport, Curtis R. Joseph, Jr., for Appellant.
James D. Caldwell, Tallulah, Counsel for Appellee.
Before STEWART, GASKINS & PEATROSS, JJ.
PEATROSS, J.
This appeal arises from a workers' compensation judgment in favor of the plaintiff, Leah B. Murray ("Murray"), and against the defendant, Hollywood Casino ("Hollywood"). Hollywood appealed the judgment and Murray answered the appeal. For the reasons stated herein, we affirm.

FACTS
Murray was injured on September 29, 2001, while working as a mini-baccarat card dealer at Hollywood. While reaching across the mini-baccarat table, Murray felt a pull in her right shoulder. Murray sought medical treatment from Dr. Sanjay Shah beginning on October 4, 2001. Murray complained of pain across her right shoulder with limitations on shoulder movement. Dr. Shah told Murray that she could return to work on light-duty. Subsequently, Murray returned to work performing light-duty activities, but continued to have pain in her shoulder. On October 28, 2001, Hollywood informed Murray that she needed to get a full-duty release from her physician. Murray went back to Dr. Shah and he gave her a full-duty release. On November 7, 2001, Murray began receiving treatment from Dr. John A. Thompson. Murray stopped reporting to work after November 13, 2001. On November 14, 2001, Murray received a note from Dr. Thompson that she should not return to work until November 28, 2001. On that same day, however, Hollywood terminated Murray for attendance violations.
On December 6, 2001, Murray stopped receiving treatment from Dr. Thompson because Hollywood was not paying for the treatment. Later, on January 4, 2002, Murray returned to see Dr. Shah. Dr. Shah diagnosed Murray's condition as a pinched nerve in her shoulder. On June 5, 2002, Murray sought treatment at LSU Medical Center in Shreveport for continued pain in her right shoulder. In their evaluation of Murray, the medical staff at LSU Medical Center did not list her status as being unable to return to work. Murray was evaluated at LSU Medical Center a few times thereafter and at no point did the medical staff list Murray as being unable to return to work.
Murray filed a disputed claim for workers' compensation benefits against Hollywood on October 31, 2001, arguing that Hollywood had failed to pay her any worker's compensation benefits, including expenses for medical treatment. After a hearing was waived, the Workers' Compensation Judge ("WCJ") found that Murray was injured in the course and scope of her employment and awarded her temporary total disability benefits covering November 14, 2001, through June 5, 2002.[1] *201 Since the staff at LSU Medical Center did not note that Murray was unable to return to work, the WCJ found that there was no proof submitted to support the contention that Murray continued to be disabled after her visit on June 5, 2002; and, therefore, Hollywood did not owe any workers' compensation benefits past that date. Hollywood filed a motion for appeal on September 17, 2003, and an answer to the appeal was filed by Murray on January 5, 2004. Hollywood failed to file a brief,[2] but Murray filed a brief specifically addressing her arguments stated in her answer. Subsequently, Hollywood filed a brief in response. Murray raises the following assignment of error (verbatim) in her brief:
Where the statutory and jurisprudential authority place the burden on the employer of proving that an employee's entitlement to temporary total disability should cease, it was an error of law for the workers compensation judge to place the burden of proof upon the employee.

DISCUSSION
Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Chaisson v. Cajun Bag and Supply Co., 97-1225 (La.3/4/98), 708 So.2d 375. In applying the manifest error/clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Id. The manifest error/clearly wrong standard of review is whether the WCJ's findings are reasonable in light of the record reviewed in its entirety. Pugh v. Casino Magic, 37,166 (La.App.2d Cir.4/11/03), 843 So.2d 1202.
Murray argues that the WCJ should not have terminated her temporary total disability benefits as of June 5, 2002, because she continues to be disabled and unable to work. La. R.S. 23:1221(1)(d) provides:
An award of benefits based on temporary total disability shall cease when the physical condition of the employee has resolved itself to the point that a reasonably reliable determination of the extent of disability of the employee may be made and the employee's physical condition has improved to the point that continued, regular treatment by a physician is not required.
In interpreting the predecessor statute[3] to the above statute, sister courts in our State have determined that the employer must prove by a preponderance of the evidence that the employee's disability has ceased or diminished. See Bailey v. Zurich American Insurance Company, 547 So.2d 734 (La.App. 4th Cir.1989), writ denied, 552 So.2d 381 (La.1989); Bonded Freight, Inc. v. Bowens, 96-167 (La.App. 3d Cir.6/12/96), 676 So.2d 739.
Evidently, the WCJ applied La. R.S. 23:1221(1)(c), rather than La. R.S. 23:1221(1)(d) to the facts in this case. La. R.S. 23:1221(1)(c) provides:
For purposes of Subparagraph (1)(a) of this Paragraph, whenever the employee is not engaged in any employment or self-employment as described in Subparagraph (1)(b) of this Paragraph, compensation for temporary total disability shall be awarded only if the employee proves by clear and convincing evidence, unaided by any presumption of disability, *202 that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.
In applying this statute, the WCJ found that Murray had the burden of proving that she is disabled and unable to work; however, the use of this statute was incorrect. We interpret this statute as applicable when the employee first seeks total temporary disability benefits. The WCJ determined that Murray should have received total temporary disability benefits, so La. R.S. 23:1221(1)(c) would not apply. After the employee has already received the benefits, La. R.S. 23:1221(1)(d) applies at the time a determination must be made as to when those benefits should terminate. La. R.S. 23:1221(1)(d) should have been applied by the WCJ in this case.
Nevertheless, we find that the use of La. R.S. 23:1221(1)(c) by the WCJ was harmless error. Even though a WCJ may commit harmless error, this court can still make a determination as to the issues of the standard and burden of proof involved in a case. See Hughes v. Delphi Interior & Lighting Systems, 32,524 (La.App.2d Cir.12/17/99), 752 So.2d 950, writ denied, 00-0156 (La.3/17/00), 757 So.2d 642; Kennedy v. Security Industrial Insurance Company, 623 So.2d 174 (La.App. 1st Cir.1993), writ denied, 629 So.2d 389 (La.1993). Murray asserts that she continued to be disabled and unable to work after June 5, 2002, but we find no medical evidence in the record to support that assertion. After a thorough review of the record, we find that the medical evidence submitted does prove by a preponderance of the evidence that Murray could return to work after June 5, 2002. Without a finding by the medical staff at LSU Medical Center that Murray could not return to work, this provides proof that her disability had diminished. Moreover, it had been noted the previous November by both Dr. Shah and then later Dr. Thompson that Murray could return to work. None of the medical reports submitted indicate that Murray should remain off work after June 5, 2002. Murray's argument that she should have received benefits after June 5, 2002, is, therefore, without merit.

CONCLUSION
For the foregoing reasons, the judgment of the WCJ is affirmed. Costs of this appeal are assessed to Leah B. Murray.
AFFIRMED.
NOTES
[1] The WCJ also assessed a penalty against Hollywood in the amount of $2,000 for being arbitrary and capricious in failing to pay indemnity benefits and awarded Murray $2,000 in attorney fees. Further, the WCJ assessed a penalty against Hollywood in the amount of $2,000 for its arbitrary failure to pay medical expenses and awarded Murray an additional $3,000 in attorney fees.
[2] Hollywood later dismissed its appeal and Murray objected to the dismissal.
[3] The predecessor statute was labeled as La. R.S. 23:1221(1)(b). The predecessor statute is not substantively different than the current statute.