938 So.2d 1098 (2006)
Terry L. NEWSOME, Plaintiff-Appellant
v.
ATMOS ENERGY, Defendant-Appellee.
No. 41,413-WCA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 2006.
*1099 Smith & Nwokorie, by Anselm N. Nwokorie, Monroe, for Appellant.
Pettiette, Armand, Dunkelman, Woodley, Byrd & Cromwell, by Robert A. Dunkelman, Shreveport, for Appellee.
Before WILLIAMS, STEWART and LOLLEY, JJ.
STEWART, J.
Terry Newsome appeals the Workers Compensation Judge's (WCJ) involuntary dismissal of his claim for benefits. In answer to the appeal, Newsome's employer, Atmos Energy, asks for damages for frivolous appeal. For the reasons that follow, we affirm the decision of the WCJ *1100 and deny Atmos Energy's claim for damages for frivolous appeal.

FACTS
On January 2, 2004, Terry Newsome was employed as a meter reader by Atmos Energy. While reading meters, he had to jump over a fence and some bushes to get to a particular meter on his route. While scaling the fence, he felt what seemed like a muscle pull on his hip. However, he continued his route in spite of the fact that his pain increased as time went by. Newsome did not report the incident or his injuries to any of his supervisors on the date of the incident because there was no supervisor in the office. Later that evening, Newsome's wife took him to the emergency room. The emergency room doctor determined that he had a muscle strain. Newsome followed up with his personal doctor who diagnosed him with avascular necrosis.
Newsome filed for workers' compensation benefits alleging that his injuries were caused by the January 2 incident. At the time of the trial, the parties stipulated to medical records and depositions of Dr. Noble, Newsome's treating physician, medical records from North Monroe Hospital, the Orthopedic Clinic and Dr. Spires, and the depositions of Eddie Lemly and Dr. Clinton Guillory, the emergency room doctor.
At the end of the plaintiff's case in chief, Atmos Energy moved for an involuntary dismissal which was granted by the trial court. This appeal ensued.

DISCUSSION
Standard of Review
Newsome asserts that the WCJ erred in her determination that while he was injured during the course and scope of his employment with Atmos Energy, Newsome did not prove a causal connection between the accident and the injuries at issue.
In order to recover workers' compensation benefits, an injured employee must prove by a preponderance of the evidence that he suffered a "personal injury by accident arising out of and in the course of his employment." La. R.S. 23:1031(A). As the court explained in Bruno v. Harbert International, Inc., 593 So.2d 357 (La. 1992) (citations omitted):
A worker's testimony alone may be sufficient to discharge this burden of proof, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident. Corroboration of the worker's testimony may be provided by the testimony of fellow workers, spouses or friends. Corroboration may also be provided by medical evidence.
In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness's uncontradicted testimony, although the witness is a party, absent "circumstances casting suspicion on the reliability of this testimony." The trial court's determinations as to whether the worker's testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error. Indeed, the manifest error/clearly wrong standard of appellate review applies in compensation actions even when the trial court's decision is based solely upon written reports, records or depositions.
Provided that the plaintiff has completed the presentation of his case, an involuntary dismissal may be granted in a *1101 workers' compensation case. See LAC 40:I:6211; Taylor v. Tommie's Gaming, 04-2254 (La.5/24/05), 902 So.2d 380. La. C.C.P. art. 1672 provides, in part:
B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
La. R.S. 23:1317 provides, in pertinent part:
A. If an answer has been filed within the delays allowed by law or granted by the workers' compensation judge, or if no judgment has been entered as provided in R.S. 23:1316 at the time for hearing or any adjournment thereof, the workers' compensation judge shall hear the evidence that may be presented by each party. Each party shall have the right to be present at any hearing or to appear through an attorney. The workers' compensation judge shall not be bound by technical rules of evidence or procedure other than as herein provided, but all findings of fact must be based upon competent evidence and all compensation payments provided for in this Chapter shall mean and be defined to be for only such injuries as are proven by competent evidence, or for which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself. The workers' compensation judge shall decide the merits of the controversy as equitably, summarily, and simply as may be. (Emphasis added.)
Whether the claimant has carried his burden of proof and whether testimony is credible are questions of fact to be determined by the workers' compensation judge. Lewis v. Chateau D'Arbonne Nurse Care Center, 38,394 (La.App. 2d Cir.04/07/04), 870 So.2d 515. Factual findings in a workers' compensation case are subject to the manifest error or clearly wrong standard of appellate review. Culotta v. A.L. & W. Moore Trucking Company, 35,344 (La.App. 2d Cir.03/05/03), 839 So.2d 1063, writ denied, 03-0998 (La.05/30/03), 845 So.2d 1052.
When there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel its own inferences and evaluations are as reasonable. Rosell v. ESCO, 549 So.2d 840 (La.1989). The manifest error standard applies even when the workers' compensation judge's decision is based upon written reports, records or depositions. Bruno v. Harbert International, Inc., supra
In her reasons for judgment, the WCJ started by saying that she initially found the plaintiff's testimony to be credible, but the record indicates that the WCJ noted discrepancies in his testimony and the record. Specifically, the WCJ noted that the emergency room records did not indicate that Newsome shared that his pain was the result of scaling a fence while at work. He also denied any injury to his hip in the medical reports of the North Monroe Medical Center.
Moreover, to the extent that the WCJ found the plaintiff to be credible, that alone is insufficient to prove the occurrence of an accident. First, there are grounds to believe that the accident alleged *1102 by plaintiff did not occur. In the emergency room report, plaintiff denied any injury to his hip. When asked why he gave this account of his injuries the plaintiff simply declared that he was in too much pain to give an accurate record of how his injury occurred. However, the deposition testimony of Edie Lemley establishes that the questions asked in the emergency room were detailed and would have elicited a positive response had there been any history of a work accident or trauma. Moreover, plaintiff's wife was present at the time of the examination and although she knew of the alleged work related accident, she relayed nothing about it to the doctor.
On plaintiff's visit to his family doctor, Dr. Noble, he gave a history of "toting shingles up a ladder." Dr. Noble testified that this history corresponded to the initial onset of symptoms. Although the appellees do not know what Newsome did Friday after he got home from work, it is clear that the history given to his family physician is devoid of any reference to an on-the-job accident while in the course and scope of employment with Atmos Energy and instead references roofing work.
While it is true that uncontradicted testimony of a worker's compensation claimant may be sufficient to establish a claim, the rule only apples if there is no other evidence that casts serious doubt on the plaintiff's version of the accident, and the plaintiff's version is corroborated by the facts and circumstances following the accident. Bruno v. Harbert Int'l, Inc., supra. Both criteria are missing from the plaintiff's case in that the medical records cast serious doubts on his version of the accident and entirely fail to corroborate his story that he was injured on the job. Additionally, plaintiff never gave a history of an on the job accident to his employer. Instead, he went out of work receiving various employer provided benefits which would not be payable in the case of a worker's compensation accident. It was only when all of these other work related benefits expired that plaintiff first claimed that he was injured on the job. The plaintiff, even if he could prove injury, never proved the occurrence of a work related accident. Thus, the WCJ was correct in her decision to dismiss his claim.
Plaintiff also failed to established the causation of his injury. In this case it is not entirely clear that plaintiff was in good health prior to the accident. His prior hip problems were documented in his medical records.
The only medical evidence offered by the plaintiff regarding avascular necrosis was the testimony of Dr. Noble. Dr. Noble had no history of a work related accident when he treated the plaintiff. The only history given by Newsome was that he injured himself while toting shingles up a ladder. Dr. Noble testified that the only plausible way that Newsome could have developed avascular necrosis in the manner described by Newsome is that he had a fracture in the hip area, and in the absence of such a fracture, he could not have the injury complained of from this alleged work related incident.
Contrary to Newsome's arguments, it is questionable that the WCJ determined that Newsome was entirely credible. The WCJ noted no support for plaintiff's testimony about the occurrence of an on the job accident in his medical records.
In sum, Newsome failed to prove that an accident occurred. He also failed to prove that it has any causal connection between the accident and his injury.
Frivolous Appeal
Atmos Energy also asks this court to award damages for frivolous appeal. Pursuant to La. C.C.P. art. 2164, this court may award such damages when *1103 there is no serious legal question presented and when it is evident that the appellant's counsel and/or appellant does not seriously believe in the position that he advocates. It is also clear that the court may award frivolous appeal damages against both the claimant and his attorney. State Farm Mut. Auto. Ins. Co. v. Callahan, 571 So.2d 852 (La.App. 3d Cir.1990).
We note that appeals are favored and appellate courts are therefore reluctant to impose damages for frivolous appeal. Moseley v. Mustin, 38,455 (La. App. 2d Cir.7/28/04), 880 So.2d 105. La. C.C.P. art. 2164 provides for the imposition of damages for frivolous appeals. This provision is penal in nature and must be strictly construed. Moseley, supra. Damages will not be awarded unless it appears that the appeal was taken solely for the purpose of delay, serious legal questions are not raised, or the appellate counsel does not seriously believe in the position he advocates. Even when the contentions on appeal are found to lack merit but raise legitimate issues, damages for a frivolous appeal are not allowed. Moseley, supra; Thomas v. Gould Street Logging, 27,192 (La.App. 2d Cir.9/27/95), 661 So.2d 546.
In this case we find that, in spite of the involuntary dismissal of Newsome's claim by the WCJ, there were legitimate legal issues for appeal. Thus, we deny Atmos Energy's claim for damages for frivolous appeal.

CONCLUSION
Based on the above, we affirm the decision of the WCJ and deny Atmos Energy's claim for damages for frivolous appeal. Costs assessed to appellant.
AFFIRMED.