957 So.2d 207 (2007)
Alvin G. HOSLI II
v.
RENT-A-CENTER, INC.
No. 2006-CA-1466.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 2007.
*209 Gregory J. Hubachek, Workers' Compensation, LLC, Metairie, LA, for Plaintiff/Appellee.
John J. Rabalais, Janice B. Unland, Robert T. Lorio, David B. Parnell, Rabalais, Unland & Lorio, Covington, LA, for Defendant/Appellant.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY, Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
Defendant/Appellant, Rent-A-Center, Inc., ("Rent-A-Center") appeals the trial court's judgment finding that its employee, Claimant/Appellee, Alvin Hosli ("Mr. Hosli"), suffered a work-related accident that caused injury to his lower back and rendered him temporarily totally disabled, entitling him to past and future medical treatment and disability benefits. Mr. Hosli appeals the portion of the judgment denying him penalties and attorney's fees.
Relevant Facts
Mr. Hosli was a long-time employee of Rent-A-Center. On February 5, 2004, Mr. Hosli was employed as a market manager, overseeing several Rent-A-Center locations. On that date, Mr. Hosli's regional supervisor, Jay Brewer, met him at one of the locations to check on operations there. Mr. Brewer was unhappy with the condition of the store and with the fact that merchandise was missing, and insisted upon conducting an immediate inventory check. This task required Mr. Hosli to move and/or slide over large electronic devices and appliances to obtain the relevant *210 serial numbers while Mr. Brewer recorded the information on a clipboard.
Mr. Hosli claims that during the course of moving a refrigerator in an effort to locate its serial number, he felt a "pop" in his back. However, because the injury was not so immediately painful, he did not report the injury to anyone at the time and he continued working. Later in the afternoon, Mr. Hosli and Mr. Brewer traveled to another Rent-A-Center store where Mr. Brewer directed Mr. Hosli to fire the store manager. Shortly thereafter, as a result of Mr. Brewer's unhappiness with Mr. Hosli's recent job performance, Mr. Brewer demoted Mr. Hosli from market manager to store manager and gave him the next two days (Friday and Saturday) off to think about it.
Mr. Hosli claims that after he returned home that evening, the pain in his back worsened dramatically. He sought treatment the next day at Ochsner clinic. Medical records from Ochsner indicate that Mr. Hosli told the doctor that he hurt his back moving merchandise at work on the previous day. On Sunday, February 8, Mr. Hosli reported the accident to his employer. Mr. Hosli's treating physician, Dr. Waitt, placed him on a no work status. Rent-A-Center initially began making workers' compensation payments to Mr. Hosli, but later terminated the payments after investigating the claim.
Action of the Trial Court
At trial, Rent-A-Center argued that Mr. Hosli did not suffer a work-related accident on February 5, 2004. Rather, Rent-A-Center argued that Mr. Hosli was upset about being demoted and the consequential pay cut, and fabricated the accident and injury. In support, Rent-A-Center presented testimony from several of Mr. Hosli's co-workers including Mr. Brewer, who was with Mr. Hosli the entire day of the alleged accident, Mr. Greg Chapman, a store manager who saw Mr. Hosli on the day of the accident, and Mr. Maurice Thompson, who shared an office with Mr. Hosli and who claims to have seen Mr. Hosli in the office on the day after the accident. These three witnesses testified that Mr. Hosli never mentioned anything about injuring his back on February 5.
Although he did not present any witnesses to attest to the occurrence of the accident, or fact witnesses to corroborate his testimony as to the events following the accident, Mr. Hosli did present medical evidence from Dr. Waitt, as well as an orthopedist, Dr. Chimento, and a neurosurgeon, Dr. Thomas, that he had suffered a work-related injury on February 5 and was temporarily disabled from working.
At the conclusion of the trial, the trial court found that "the credibility of this claimant coupled with the opinions of these doctors that his injury is a work-related injury equates to a clearly compensable claim." The court further found that there was nothing viable to discredit the claimant or the actions he took. The court also found that Rent-A-Center was not arbitrary and capricious in terminating Mr. Hosli's indemnity benefits, and that Rent-A-Center did not violate La. R.S. 23:1201 for non-payment of medical benefits. The trial court awarded costs to Mr. Hosli.
Rent-A-Center appeals the trial court's ruling in favor of Mr. Hosli. It argues on appeal that the trial court erred in finding that Mr. Hosli met his burden of establishing the occurrence of an "accident," that the court made unreasonable credibility and factual determinations based on the testimony and documents in evidence, that the court erred in awarding temporary total disability benefits to Mr. Hosli, and that the court erred in finding it liable for unpaid past and future medical expenses and costs.
*211 Law and Discussion
To establish that he is entitled to workers' compensation benefits, a claimant must prove by a preponderance of the evidence that an accident occurred during the course and scope of his employment; the accident caused his injuries; and the injury caused his disability. Kennedy v. Security Indus. Ins. Co., 623 So.2d 174, 176 (La.App. 3 Cir.1993), writ denied, 629 So.2d 389 (La.1993); reconsideration denied, 630 So.2d 251 (La.1993). A preponderance of the evidence requires a plaintiff to show the fact sought to be proved is more probable than not. Lasha v. Olin Corp., 625 So.2d 1002, 1005 (La.1993). Once he has established the aforementioned elements, a claimant must then show by "clear and convincing" evidence that he is temporarily totally disabled. La. R.S. 23:1221(1).
In workers' compensation cases, it is well-settled that the appropriate standard of appellate review is the manifest error or clearly wrong standard. Alexander v. Pellerin Marble & Granite, 93-1698 (La.1/14/94), 630 So.2d 706, 710. Under that standard, "[t]he trial court's determinations as to whether the worker's testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error." Bruno v. Harbert Int'l, Inc., 593 So.2d 357, 361 (La.1992).
A. Work-Related Accident
Rent-A-Center contends that the trial court erred in finding that Mr. Hosli met his burden of proving that a work-related accident occurred. To support its argument, Rent-A-Center points to the suspicious timing and circumstances surrounding the alleged accident. Rent-A-Center also cites the testimony of three co-workers, all of whom stated that Mr. Hosli did not mention to them that an accident occurred or that he suffered any injury on February 5, 2004. However, "Louisiana courts consistently have interpreted the work-related accident requirement liberally." Williams v. Regional Transit Authority, 546 So.2d 150, 156 (La.1989). "A plaintiff's testimony alone may sufficient to establish that an accident occurred provided that: `(1) no other evidence discredits or casts serious doubts upon the worker's version of the incident; and (2) the worker's testimony is corroborated by the circumstances following the alleged incident.'" Blair v. Wal-Mart Stores, Inc., 01-2211 (La.App. 4 Cir. 5/15/02), 818 So.2d 1042, 1047, citing Bruno v. Harbert Intern. Inc., 593 So.2d 357, 361 (La.1992).
Although Mr. Hosli was the sole witness to the accident, the circumstances following the alleged incident and the medical records in this case further support his claim that an accident occurred and that he suffered an injury as a result. The records clearly establish that Mr. Hosli sought immediate treatment for his injury the day after the accident and that he followed up on that medical treatment with recommended visits to an orthopedist and a neurosurgeon. The objective medical findings of several physicians establish that Mr. Hosli suffers from a bulging disc. Rent-A-Center offered no evidence to rebut the medical evidence presented by Mr. Hosli nor cast serious doubt upon Mr. Hosli's version of the incident. The testimony of the three co-workers that Mr. Hosli did not tell them about the accident does not disprove that the accident occurred. The trial court, in its unique position to hear and see the witnesses, found Mr. Hosli's testimony that he suffered a work-related accident while conducting the inventory check on February 5, 2004 to be credible. Accordingly, based on the record, *212 we cannot say that the trial court was manifestly erroneous or clearly wrong in its factual finding that a work-related accident occurred.
B. Causation
Once a claimant proves an accident occurred followed by a disability, the burden shifts to the employer and his insurer to prove the absence of a causal connection between the accident and the injury. Bruno v. Guaranty Bank & Trust Co., 617 So.2d 1351 (La.App. 3 Cir.1993). In an effort to cast doubt on Mr. Hosli's claim that the alleged accident caused his back injury, Rent-A-Center introduced evidence that Mr. Hosli had been treated for back pain before the accident and that he was taking Vicodin for pain at the time of the alleged accident. Mr. Hosli admitted at trial that he may have been taking Vicodin on the day of the accident, but stated that he had previously sought treatment for neck pain and not lower back pain. However, even if there were a pre-existing latent back disability, workmen's compensation benefits are nevertheless payable when a work related accident aggravates or accelerates it, producing disability. Thomas v. Proctor & Gamble-Louisiana Folger Coffee, 04-0277, p. 2 (La. App. 4 Cir. 6/09/04), 875 So.2d 1072, 1073, citing, Bruno v. Harbert Intern. Inc., 593 So.2d 357, 363 (La.1992). The fact that an injury similar to the one that is alleged to have occurred at work is generally irrelevant in a workers' compensation claim as the employer takes the employee as he finds him. Blair v. Wal-Mart, supra, at 1048.
The trial court found that Mr. Hosli met his burden of proving that an accident occurred on February 5, 2004. Rent-A-Center does not dispute that Mr. Hosli was sliding and/or moving heavy merchandise at the time of the alleged accident or that he was diagnosed with a bulging disc directly after the alleged accident. The evidence that Mr. Hosli was treated for a similar pre-existing condition before the accident does not prove the absence of a connection between the accident and this injury. Based on a careful review of the record, we do not find that the trial court's finding was manifestly erroneous.
C. Extent of Disability
Rent-A-Center's next assignment of error concerns the trial court's finding that Mr. Hosli proved by "clear and convincing" evidence that he is totally disabled, i.e. he is physically unable to engage in any employment or self-employment. La. R.S. 23:1221(1)(c). Under Louisiana law, "[T]he question of disability must be determined by reference to the totality of the evidence, including both lay and medical testimony." Dugas v. Rosary House, 93-42 (La.App. 3 Cir. 4/6/94); 635 So.2d 570, 572. Mr. Hosli presented medical testimony from his treating physician, Dr. Waitt, indicating that he is "NOT ABLE to work at present" as of Friday, February 6, 2004. Dr. Waitt repeated his declaration that Mr. Hosli is temporarily and totally disabled on each of Mr. Hosli's subsequent visits. Further, Mr. Hosli provided documentation that the orthopedic surgeon and physical therapist who were treating him also agree that he is temporarily totally disabled. Mr. Hosli's doctor recommended that surgery be performed to relieve Mr. Hosli's back pain, although as of the date of trial, the surgery had not yet been performed. Based on this evidence, the trial court found Mr. Hosli to be temporarily totally disabled. In this case, the objective medical evidence supports the trial court's finding that Mr. Hosli is temporarily totally disabled and will continue to be until such time as he recovers from the proposed surgery. Therefore, *213 the court's finding on this issue is not manifestly erroneous.
Penalties, Attorney's Fees, and Costs
In a single assignment of error, Mr. Hosli argues that the trial court erred in failing to award him penalties and attorney's fees. The penalty provisions of Louisiana Revised Statute section 23:1201 are invoked if workers' compensation benefits are denied and the employer or his insurer did not reasonably controvert the employee's right to compensation. The test to determine whether the employee's right has been reasonably controverted turns on whether the employer or his insurer had sufficient factual and medical information to reasonably counter the factual and medical information presented by the claimant. Chelette v. American Guar. and Liability Ins., 480 So.2d 363 (La.App. 3 Cir.1985). "An unjustified belief that an employee's injury did not result from an accident does not excuse failure to pay worker's compensation benefits." Nelson v. Roadway Exp., Inc., 588 So.2d 350, 355 (La.1991). A determination of whether a defendant should be cast with penalties is essentially a question of fact that will not be disturbed absent clear error by the trial court. Here, the trial court found that Rent-A-Center's decision to terminate benefits was reasonable. We agree, especially in light of the suspicious timing and circumstances surrounding the alleged accident as well as the fact that Mr. Hosli previously sought treatment for a pre-existing injury. As such, we find no manifest error in the trial court's finding that Rent-A-Center acted reasonably in controverting Mr. Hosli's claim.
On the issue of attorney's fees, Louisiana Revised Statute section 23:1201.2 provides in pertinent part that the failure of an insurer to pay workers' compensation benefits within sixty (60) days after receipt of written notice shall subject it to reasonable attorney fees if it is found to have acted arbitrary, capricious, or without probable cause. La.Rev. Stat. 23:1201.2. In the instant case, the trial court found that Rent-A-Center was not arbitrary and/or capricious in terminating Mr. Hosli's benefits and found that an award of attorney's fees was not warranted. We find no error in the trial court's finding.
Generally, costs are to be paid by the party cast in judgment unless the court, in equity, rules otherwise. La.Code Civ. Proc. art. 1920. Absent an abuse of discretion, an appellate court will not interfere with an award of costs. Vela v. Plaquemines Parish Gov., 00-2221, p. 29 (La.App. 4 Cir. 3/13/02), 811 So.2d 1263, 1283. We do not find that the trial court abused its discretion in awarding costs in favor of Mr. Hosli.
Based on the record, we cannot say the trial court was manifestly erroneous or clearly wrong in its factual findings on any of the issues presented for review by both parties. For the foregoing reasons, the judgment of the trial is AFFIRMED. Costs of this appeal are to be split between the parties.
AFFIRMED.